J-A34015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| E.G.O.-R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| D.J.R. | |
| Appellant | No. 182 MDA 2015 |

Appeal from the Order December 30, 2014
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2010-1941
2013-0087S

| | |
|---|---|
| E.G.O.-R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| D.J.R. | |
| | No. 232 MDA 2015 |

Appeal from the Order December 30, 2014
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2010-1941
2013-0087S

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                 **FILED MARCH 01, 2016**

In these consolidated cross appeals, D.J.R. ("Father") and E.G.O.-R. ("Mother") appeal from the order entered by the Honorable Pamela A. Ruest, Court of Common Pleas of Centre County. We affirm.

We assume the parties' familiarity with the facts and procedural history of the case. For a recitation of the facts and procedural history of this matter, we direct the reader to the opinion of the trial court. ***See*** Trial Court Opinion, 12/30/14, at 2 (adopting factual background as summarized in Trial Court Opinion, 9/12/14, at 1-3).

Our standard of review for a child support order is well-settled.

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

***Kimock v. Jones***, 47 A.3d 850, 854 (Pa. Super. 2012) (citations omitted).

On appeal, Father raises three issues for our review. Father first contends that the trial court erred by failing to consider the parties' incomes before fashioning its support order. In his second issue, Father asserts that the trial court abused its discretion in finding that the "involuntary reduction of his income" did not constitute a significant change in circumstances warranting a modification of child support. Appellant's Brief, at 4. Upon review of the briefs of the parties, the certified record, and the trial court opinions, we conclude that the trial court, the Honorable Pamela A. Ruest,

has authored an opinion that ably disposes of both issues. **See** Trial Court Opinion, 9/12/14, at 3-5. We affirm based on that opinion.

In his third and final issue, Father contends that the trial court erred in determining that the emancipation of the parties' oldest child was not a significant change of circumstances. The trial court authored an opinion that ably disposes of this issue. **See** Trial Court Opinion, 12/30/14, at 2-3. We affirm based on that opinion.

Mother purports to raise four issues on appeal for our review. However, Mother actually only raises one issue, in which she contends that the trial court erred by denying her motion to dismiss Father's support action and by consolidating the support and divorce actions into a single matter. The trial court authored an opinion that ably disposes of this issue. **See id**., at 2. We affirm based on that opinion.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2016



IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CIVIL ACTION

E▮▮▮G. O'▮▮▮▮-R▮▮▮▮,
    Plaintiff

v.

D▮▮▮▮ R▮▮▮▮
    Defendant

No. 2010-1941

E▮▮▮G. O'▮▮▮▮,
    Plaintiff

v.

D▮▮▮▮R▮▮▮▮,
    Defendant

No. 2013-00087-S
PACSES No. 622113926



*Attorney for Plaintiff:*
*Attorney for Defendant:*

Brian K. Marshall, Esq.
Steven S. Hurvitz, Esq.

## OPINION AND ORDER

**Ruest, J.**

Presently before the Court is a Petition to Modify Support filed by Defendant D▮▮▮▮ R▮▮▮. The Court held a *de novo* hearing on February 27, 2014 and continued on April 24, 2014. The parties thereafter timely filed briefs on June 16, 2014 and reply briefs on July 15, 2014. Upon consideration of the record, the briefs, and the arguments of counsel, the Court is now ready to render its decision.

## Background

Plaintiff E▮▮▮G. O▮▮▮▮ ("Mother") and Defendant D▮▮▮▮ R▮▮▮("Father") were married on May 25, 1991. During the marriage, the parties had three children: G▮▮▮O'▮▮▮ R▮▮▮ (D.O.B. ▮▮▮▮▮▮), K▮▮▮ O'▮▮▮ R▮▮▮ (D.O.B. ▮▮▮▮▮▮), and S▮▮▮ O'▮▮▮R▮▮▮

☒O ☐RD ☐S

(D.O.B. ████████). Mother filed a Divorce Complaint on May 7, 2010. On September 2, 2010, the parties executed a Marriage Settlement Agreement which was incorporated, but not merged, into a final Decree in Divorce entered on October 18, 2010. In the Marriage Settlement Agreement, the parties addressed all aspects of their marital state including dividing their assets and liabilities, establishing custody, and determining child support. In pertinent part, under the Agreement Father received full ownership of PHR, Inc., which owns and operates the Lion's Den, a student bar in downtown State College, Pennsylvania and a parcel of real estate; Mother received ownership of another company Nittany Embroidery and Digitizing, Inc., the remaining real estate, and all marital debts; and Father agreed to pay Mother $3,000 monthly in child support until their youngest child Sophia's emancipation.

On February 26, 2013, Father filed a child support proceeding pursuant to Pennsylvania Rule of Civil Procedure 1910.3(a)(6). Following a support conference held on March 28, 2013, an Order was entered dated April 4, 2013, establishing Father's support obligation. Mother filed a timely Demand for Hearing, alleging that Father's filing with the Domestic Relations Section was improper, that Father failed to show a substantial change in circumstances warranting a reduction in the contractual support under the Marriage Settlement Agreement, and that Father had significantly understated his income on his federal tax return. On May 2, 2013, Mother filed a Motion to designate the matter as complex and requested that it be separately listed for a *de novo* hearing.

On August 8, 2013, Mother filed a Motion to Dismiss the Support Proceedings and a Petition for Contempt in the divorce proceedings. Father timely responded, and requested the Court consolidate the support and divorce proceedings. By Order dated October 21, 2013, the Court consolidated the proceedings, denied Mother's Motion to Dismiss, granted Father's Petition to Modify Support retroactive to February 26, 2013, and directed that the matter be scheduled for a *de novo* hearing.

2

The *de novo* hearing was held on February 27, 2014 and continued on April 24, 2014. The parties were thereafter directed to file briefs within 45 days. By stipulation of the parties, the Court extended the deadline to submit briefs to June 16, 2014. Both parties timely filed briefs. On July 15, 2014, the parties filed reply briefs. Upon consideration of the record, the briefs, and the arguments of counsel, the Court is now ready to render its decision.

## Discussion

Father seeks to modify his $3,000 monthly child support obligation under the Marriage Settlement Agreement. Under Section 3.15 of the Agreement, Father agreed to pay Mother $3,000 monthly for child support which "shall terminate when the parties [sic] youngest child graduates from high school or reaches age 18, whichever last occurs." In Section 3.15, the parties agreed that the amount was "currently appropriate" based on "the parties' respective incomes and cash flow available for support and the expenses that the parties have maintained with respect to the children" and agreed to consider modifying the support obligation upon a "change of circumstances." This is a lower threshold than the heightened standard of a "material and substantial change in circumstances" under Pa.R.C.P. 1910.19. Reading Section 3.15 in its entirety, it appears that the "circumstances" that the parties anticipated were related to "the parties respective incomes and cash flow available for support and the expenses that the parties have maintained with respect to the children."

I.    **Finances**

Father argues that the parties' changed financial circumstances justify a modification of child support. Under Section 3.15, the parties contemplated that a change in "the parties' respective incomes and cash flow available for support" would constitute a change of circumstances. The Court therefore agrees that changed financial circumstances could justify a modification of child support. However, because Father failed to meet his burden of demonstrating a change in his financial circumstances to justify a modification of child support,

3

the Court will not modify his $3,000 monthly child support obligation on this basis. *See Belcher v. Belcher*, 2005 PA Super. 368, 887 A.2d 253, 256 ("The party seeking modification has the burden of establishing that current conditions differ from those in existence when the child support arrangements were reached.").

The parties have presented a very murky picture of their finances. It is not clear what their incomes and overall financial situations were at the time they entered the Marriage Settlement Agreement, and it is equally unclear at this time. The Court is convinced that even the parties are unaware of their respective incomes due to their questionable accounting practices. The Court has attempted to calculate net monthly incomes for both parties for 2010 when the Agreement was entered and for the present time. Based upon the information provided, these calculations were quite speculative.

Father argues that his main source of income from PHR, Inc., through the operations of the Lion's Den, has decreased substantially, but the Court finds that the testimony and evidence presented at trial did not prove that Father's income from PHR, Inc. has actually decreased. At the time the parties entered the Agreement in September 2010, Father held title to 100% of PHR, Inc.,'s stock, but split the Lion's Den's profits with the bar's full-time manager, Chris Rosengrant ("Rosengrant"). In 2006, Father agreed that in return for a $100,000 investment in PHR, Inc., Rosengrant would receive a $25,000 base annual salary plus 50% of all profits. Rosengrant testified that in 2011, the Lion's Den experienced a significant downturn in sales. Father presented PHR, Inc.'s tax returns which demonstrated a 37% decline in revenues from 2010 to 2012. Father and the company's accountant testified that Father has not received a salary nor driven a corporate vehicle since April 2012.

Mother presented evidence to demonstrate that Father regularly received "door money" from the Lion's Den which was not reported as taxable during their marriage. She also demonstrated the business pays various personal expenses for both Father and Rosengrant.

4

Although Father argues that the business has recently experienced down times, it also experiences up times, such as during football weekends.

The Court finds that Father continues to receive door money from Lion's Den, and any decrease in his salary, benefits, and door money from the business is due to his decision to change the way he managed the business with Rosengrant. Further, Father receives a monthly salary from his additional employment at Nittany Offset, Inc. at an annual rate of $36,250.00.

The parties also disagree as to Mother's income. Mother is claiming her income is lower, but as explained above, the Court cannot determine Mother's income in 2010 or her current income.

Based on all of the credible evidence presented at trial, the Court determines that Father did not meet his burden of demonstrating changed circumstances in terms of the parties' respective incomes to modify his $3,000 monthly child support obligation. As a result, the Court is unable to determine whether there has been a change in circumstances as required by the Agreement or a material and substantial change in circumstances as required under Pennsylvania Rule of Civil Procedure 1910.19.

## II. G█████ Emancipation

Father next asserts that the emancipation of the parties' oldest child represents a change of circumstances. Mother responds that it cannot be a change of circumstances because G███ had neither turned 18 nor graduated from high school as of the effective date of the Petition to Modify the child support. She further responds that Father agreed to pay level support payments of $3,000 monthly until the youngest child emancipates. The Court agrees that G███'s emancipation constitutes a change of circumstances. Accordingly, the Court will reduce the support payment to $2,000.00 monthly based on a finding that Gavin's emancipation represents a change of circumstances.

5

Accordingly, the following Order is entered.

**ORDER**

AND NOW, this 12th day of September, 2014, Defendant's Request to Modify Child Support is **GRANTED** in part and support is reduced to $2,000.00 monthly based on a finding that G███'s emancipation represents a change in circumstances. This shall be effective as of G███'s graduation from high school or turning 18, whichever last occurred.

BY THE COURT:

Pamela A. Ruest, Judge

6



IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CIVIL ACTION

E█ G. O█████-R████,
Plaintiff

v.

D████ R████,
Defendant

No. 2010-1941

E███ G. O'█████,
Plaintiff

v.

D█████ R█████
Defendant

No. 2013-00087-S
PACSES No. 622113826

Attorney for Plaintiff:                                  Brian K. Marshall, Esq.
Attorney for Defendant:                                  Steven S. Hurvitz, Esq.

## OPINION AND ORDER

**Ruest, J.**

Presently before the Court are Motions for Reconsideration filed by Defendant D██████ R██ ("Father") on September 25, 2014 and Plaintiff E██ G. O█████ ("Mother") on October 9, 2014. On October 9, 2014, Mother filed an Answer to Father's Motion for Reconsideration and on October 24, 2014, Father filed an Answer to Mother's Motion for Reconsideration. Both parties ask the Court to reconsider its September 12, 2014 Opinion and Order. The Court expressly granted Father's Motion for Reconsideration on October 7, 2014 and expressly granted Mother's Motion for Reconsideration on October 9, 2014. A hearing was held on October 30, 2014, at which time Father submitted a brief. The Court ordered Mother to submit a brief within 20 days, and she filed her brief on November 18, 2014. Upon consideration of the

Motions for Reconsideration, the Answers, the briefs, and the arguments of counsel, the Motions are **GRANTED** in part and **DENIED** in part as follows:

## Background

The Court summarized the factual background of this case in its September 12, 2014 Opinion and Order and adopts the same in full.

## Discussion

In their Motions for Reconsideration, the parties ask the Court to reconsider its September 12, 2014 Opinion and Order. The parties' arguments have not persuaded the Court to alter its analysis regarding the parties' finances and therefore the Court declines to reconsider its determination that Father did not meet his burden of demonstrating changed circumstances relating to their respective incomes. Because the Court could not determine the parties' incomes, the Court will not reconsider Mother's request to change the manner in which Father is required to repay his arrears. Additionally, the Court will not reconsider its October 21, 2013 Order denying Plaintiff's Motion to Dismiss Support Action because it is without jurisdiction to do so. *See* 42 Pa.C.S.A. § 5505.

Although the Court previously determined that G████'s emancipation constituted a change in circumstances, upon reconsideration, the Court now determines that it does not. As Plaintiff points out, the Court stated in its September 12, 2014 Opinion and Order that the "circumstances" that the parties anticipated constituting a change in circumstances and allowing modification related to their "respective incomes and cash flow available for support and the expenses that the parties have maintained with respect to the children." The Court initially determined that G████'s emancipation changed the expenses that the parties needed to maintain with respect to the three children. However, upon further review of the language of the parties' Agreement, and after argument on the Motions for Reconsideration, the Court determines that a more reasonable interpretation of the Agreement is that the level $3,000 monthly child support payments shall terminate when the youngest child, S████a (D.O.B. ████████

████████) "graduates high school or reaches age 18, whichever last occurs," irrespective of either older child's emancipation.

So finding, the Court determines there was no change of circumstances to warrant modifying Father's child support obligations. Father's argument that the Court erred by failing to determine Father's support obligations under the Pennsylvania Support Guidelines instead of reducing his monthly obligation from $3,000.00 to $2,000.00 based on G███'s emancipation is therefore moot.

Accordingly, the following Order is entered:

## ORDER

AND NOW, this $\underline{29^{th}}$ day of December, 2014, Father's Motion for Reconsideration is

**DENIED** and Mother's Motion for Reconsideration is **GRANTED** in part and **DENIED** in part. It

is further **ORDERED** as follows:

1. The Court's Order dated September 12, 2014 is modified to state Defendant's

   Request to Modify Child Support is **DENIED**.

BY THE COURT:

Pamela A. Ruest, Judge

Printed from Centre County Online Access - 7/31/2015 1:22:31 PM